UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRANCE S. McKINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:15cv79 |
| | ) |
| THE OFFICE OF THE SHERIFF OF | ) |
| WHITLEY COUNTY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on a "Second Motion for Leave to File Second Amended Complaint[1]", filed by the Plaintiff, Terrance S. McKinney ("McKinney"), on November 22, 2017. Defendant, Office of the Sheriff of Whitley County ("Whitley County"), filed its response on December 22, 2017, to which McKinney replied on April 30, 2018.[2]

## Discussion

McKinney filed his original complaint on April 3, 2015, alleging "unlawful race and color discrimination and retaliation under Title VII...". He also alleged state claims of intentional infliction of emotional distress and battery, and Section 1983 claims of unlawful seizure/ excessive force. The original defendants were The Office of Sheriff of Whitley County Indiana and Tony Helfrich in his official capacity as deputy sheriff and in his individual capacity.

On November 14, 2016, this court entered an Opinion and Order granting the defendants'

---

[1] Plaintiff filed his motion to file first amended complaint on October 2, 2017. However, Plaintiff withdrew his motion to amend on November 15, 2017.

[2] On December 7, 2017, Plaintiff filed a motion to amend his second motion to amend, due to an error in names. Plaintiff clarifies that it was Marc Gatton and not Mark Hodges who was present at Plaintiff's deposition. The motion is granted.

motion for summary judgment on all claims. McKinney appealed to the Court of Appeals for the Seventh Circuit. However, McKinney only appealed his claim for race discrimination in violation of Title VII, which claim was only against Whitley County. When the Seventh Circuit remanded the case to this court, it did so "for further proceedings on McKinney's Title VII claim...."

In his current motion for leave to file second amended complaint, McKinney seeks to amend his complaint to assert discrimination, retaliation and disparate treatment claims pursuant to Section 1981 and the Equal Protection Clause, through Section 1983, against the Office of the Sheriff of Whitley County and Sheriff Mark Hodges, in his individual capacity.

Defendant Whitley County has objected to the motion to amend, asserting that McKinney has no cause of action under Section 1981, that any action against Hodges individually is time-barred, and that the proposed addition of Hodges does not relate back to the filing of his original complaint.

Whitley County argues that McKinney never had an express employment contract with the County and thus cannot sue under Section 1981, as Section 1981 prohibits race discrimination in the making and enforcing of contracts. However, as McKinney points out, the law is clear that employment contracts include at-will employees for purposes of Section 1981 claims. *Walker v. Abbott Laboratories*, 340 F.3d 471, 478 (7th Cir. 2003).

Whitley County next argues that Section 1981 does not permit a private cause of action against state actors. Whitley County relies on *Campbell v. Forest Preserve Dist of Cook County, Ill*, 752 F.3d 665, 667 (7th Cir. 2014). Both parties herein agree that *Campbell* holds that Section 1981 provides a remedy for violations committed by private actors, but an injured party must

resort to Section 1983 to obtain relief for violations committed by state actors. McKinney, however, argues that he "has pled a Section 1983 action for violations of his rights which are guaranteed in Section 1981." Whitley County argues that since Section 1983 has, effectively, a two-year statute of limitations, and McKinney's claim arose on May 16, 2016, his claim is time-barred.

Pursuant to 28 U.S.C. Section 1658, a four-year limitations period applies to causes of action "arising under an Act of Congress enacted" after December 1, 1990. A cause of action "arises under" such an enactment "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). For Section 1981, claims based on post-formation conduct, such as wrongful termination, were made possible by the Civil Rights Act of 1991, and are those subject to the four-year limitations period. *Dandy v. United Parcel Service*, 388 F.3d 263, 269 (7th Cir. 2004). However, government employees sued in their individual capacities are state actors for purposes of Section 1981, and such claims must be brought under Section 1983. The crucial question, on which there appears not to be a Seventh Circuit case precisely on point, is whether a claim brought against a state actor under Section 1983, for a right secured by Section 1981, is governed by the four-year limitations period.

The Eleventh Circuit has held that the four-year period applies. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336 (11th Cir. 2008). Additionally, The Seventh Circuit has held, without any real discussion, that the four-year statute of limitations applies in Section 1981 actions brought against state actors. In *Hall v. Village of Flossmoor, Ill.*, 520 Fed. Appx. 468, 473 (7th Cir. 2013), the Court held that the District Court correctly ruled that Plaintiff's Title VII and

3

Section 1983 claims were untimely, "but was wrong about the Section 1981 claim. The Section 1981 claim has a four year statute of limitations, so it was timely." In *Moore v. City of Chicago*, 126 Fed. Appx. 745, 747 (7th Cir. 2005), an action by a Chicago police officer against the City of Chicago, the Seventh Circuit stated: "Moore also argues that the district court improperly applied a two-year rather than a four-year statute of limitations period. The City concedes that a four-year statute of limitations period is proper for claims under Section 1981". Other district courts in this Circuit have also held that the four-year limitations period of Section 1658 applies to Section 1981 claims against state actors, brought through Section 1983, holding that the limitations period for Section 1981 is an exception to the general two-year period for Section 1983. *See e.g.*, *Price v. Northern Illinois Univ.*, 2017 U.S. Dist. LEXIS 205544, *6 (N.D. Ill. Dec. 14, 2017); *Sams v. City of Chicago*, 2014 WL 6685809, *6 (N. D. Ill. Nov. 25, 2014). This court agrees that the four-year statute of limitations should apply to McKinney's Section 1981 claims and are, therefore, timely.

Whitley County has also argued that McKinney's claim of violation of his rights under the Equal Protection Clause of the Fourteenth Amendment is time-barred because it can only be brought pursuant to Section 1983 and within the applicable two-year statute of limitations. McKinney has not responded to this argument in his reply and apparently concedes that the Equal Protection claim is time-barred.

The parties have raised the issue as to whether the proposed amended complaint relates back to the filing of the original complaint. This appears to be a moot issue as the court has ruled, above, that the proposed Section 1981 claims are within the statute of limitations. While the court will permit McKinney to file his amended complaint, pursuant to Rule 15(a)(2) of the

Federal Rules of Civil Procedure, there is no basis for permitting the amended complaint to relate back.  When a party attempts to add a new party to a lawsuit, Rule 15(c)(1) governs relation back, and requires that a mistake was made regarding the proper party to name.  In the present case, McKinney knew Hodges was the Sheriff of Whitley County when the events at issue transpired.  But for whatever reason, he chose not to add Hodges as a defendant at that time.  Thus, the amended complaint does not relate back.

### Conclusion

On the basis of the foregoing, McKinney's Second Motion for Leave to File Second Amended Complaint [DE 60] is hereby GRANTED IN PART AND DENIED IN PART, as follows: (1) McKinney may add Mark Hodges as a defendant and pursue his Section 1981 claims against both Hodges and Whitley County; (2) McKinney may not pursue any Equal Protection claims against any party; and (3) the amended complaint does not relate back to the filing of the original complaint.

Further, Plaintiff's motion to amend his second motion to amend [DE 62] is hereby GRANTED.

Entered: May 21, 2018.

> s/ William C.  Lee
> William C. Lee, Judge
> United States District Court