UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TERRANCE S. McKINNEY | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 1:15cv79 |
| THE OFFICE OF THE SHERIFF OF WHITLEY COUNTY, ET AL., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on a motion to change venue, filed by the plaintiff, Terrance S. McKinney ("McKinney"), on August 29, 2018. The defendants, the Office of the Sheriff of Whitley County, and Sheriff Mark Hodges ("Hodges"), in his individual capacity, responded to the motion on October 3, 2018, to which McKinney replied on October 10, 2018.

For the following reasons, the motion will be granted.

### Discussion

McKinney presents the motion in simple terms. Defendant Mark Hodges, former Sheriff of Whitley County, is currently employed as a security guard in the courthouse of the United States District Court for the Northern District of Indiana, Fort Wayne Division. McKinney desires to avoid any potential negative effect on his rights that might result from the fact that Hodges works as a security guard in the building in which McKinney's case will be tried.

28 U.S.C. § 1404 (b) provides in pertinent part as follows:

Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

The defendants, in response, claim that McKinney has failed to meet his burden of showing that transfer is proper. However, as transfer of venue is discretionary with the district court, McKinney's burden is very minimal. McKinney has stated a valid reason for transferring the case, and that is all that is required. Inexplicably, defendants spend four pages of their brief discussing the requirements of §1404(a), when that section is not even invoked by McKinney. Defendants then spend one short paragraph purportedly discussing §1404(b). However, the case they cite, *Kingsley v. Dixon Old People's Home Fund, Inc.*, 1996 WL 417548 (N.D. Ill. 1996), concerns § 1404(a) and does not even discuss §1404(b).

Defendants appear to make the argument that venue is not proper in any other division of this district "under the Northern District's venue designations." However, although the court has general orders regarding the assignment of cases within the district (N.D. Ind. L.R. 40-1), venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. 28 U.S.C. § 1391. There has been no allegation that the Northern District is not the proper judicial district for this case. As a case may be brought in any division of a proper judicial district, it follows that any division of this court may receive transfer of this case pursuant to § 1404(b).

It is readily apparent that this case should be transferred. Defendant Hodges is employed in a very sensitive position in this court, as he is a security guard charged with the task of guarding the life of the undersigned judicial officer. Clearly, at least the appearance of impropriety arises if the case remains in this division. Further, as McKinney points out, Hodges and his fellow security guards have the very first contact with potential jurors and have contact with the jurors throughout the proceedings. This close contact raises the concern that an

inadvertent statement, or even a facial expression, could influence the jury. Therefore, out of an abundance of caution, the motion to transfer will be granted. The court notes that McKinney is only requesting that the <u>trial</u> of this case be transferred. However, the concerns raised by McKinney regarding the trial are equally applicable to other areas of the case. Due to the relationship of judicial officers and their security guards, the appearance of impropriety clouds the entire case. Accordingly, the entire case will be transferred.

<u>Conclusion</u>

Based on the foregoing, McKinney's motion to transfer venue [DE 87] is hereby GRANTED. The Clerk of the Court is directed to randomly reassign this case to another Judge within the Northern District of Indiana.

Entered: November 9, 2018.

        s/ William C. Lee
        William C. Lee, Judge
        United States District Court